UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGON NORTH AMERICA, INC.

VERSUS

LEONARD SMITH, doing business
as JAZZ AUTO GLASS

CIVIL ACTION

NO. 11-176-BAJ-DLD

# ORDER

The plaintiff in this matter has filed an amended complaint, adding Jazz Auto Repair and Replacement, LLC, as a party and alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (doc. 10). The amended complaint however, fails to properly address the citizenship of the limited liability company for purposes of 28 U.S.C. § 1332.

For a district court of the United States to exercise jurisdiction based on the diversity statute, 28 U.S.C. § 1332, all defendants must be diverse from the plaintiff. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). A limited partnership assumes the citizenship of each of its partners for the purposes of diversity jurisdiction. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 865 (5th Cir. 2003); See also, *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (holding that, for diversity purposes, the citizenship of an artificial entity depends on the citizenship of "the several persons composing such association").

The party invoking federal subject matter jurisdiction bears the burden of

establishing that jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Because the record is insufficient to establish whether the defendants are completely diverse from the plaintiff:

**IT IS HEREBY ORDERED** that plaintiff amend the complaint within 10 days of this date to provide the court with additional facts establishing the citizenship of of Jazz Auto Repair and Replacement, LLC for the purposes of diversity jurisdiction.

Baton Rouge, Louisiana, May 23, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA