UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGON NORTH AMERICA, INC.

VERSUS

LEONARD SMITH, doing business
as JAZZ AUTO GLASS

CIVIL ACTION

NO. 11-176-BAJ-DLD

**ORDER**

On May 24, 2011, plaintiff was ordered to amend the complaint in this matter within ten days to provide the Court with additional facts to establish the citizenship of Jazz Auto Repair and Replacement (doc. 13). Plaintiff responded by alleging the domicile of the only member of defendant, Jazz Auto Repair, L.L.C. (doc. 14). In response, defendant filed a motion to dismiss for failure to properly allege the citizenship of the sole member of the limited liability company in order to determine the citizenship of the company for purposes of diversity jurisdiction (doc. 15).

Plaintiff opposes the motion and describes it as a dilatory tactic while citing *Coury v. Prot*, 85 F.3d 244, 248-250 (5th Cir. 1996), for the proposition that "[a] person is considered a 'citizen' of the state where the person is domiciled" (doc. 16, pp. 3, 4). The Fifth Circuit in *Coury v. Prot*, however, stated that:

> A person cannot be a "citizen" of a state unless she is also a citizen of the United States. *See e.g., Newman -Green, Inc. V. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *Mas v. Perry*, 489 F.2d 1396 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974). A United States citizen who is domiciled in a state is a citizen of that state. See *Robertson v. Cease*, 97 U.S. 646, 648-650, 24 L.Ed. 1057 (1878). Thus, *with few exceptions*, state citizenship for diversity purposes is regarded as synonymous with domicile. *E.g., Rodrigues -Diaz v. Sierra-Martinez*, 853 F.2d 1027 (1st Cir. 1988); 1 J. Moore, Moore's Federal Practice §0.74[3] n. 3.

*Coury v. Prot*, 85 F.3d at 249-250 (emphasis added).

As was pointed out in the Court's Order of May 13, 2011, the plaintiff bears the burden of establishing subject matter jurisdiction (doc. 13, pp. 1-2). Moreover, *Coury v. Prot.*, clearly establishes that citizenship, for purposes of diversity jurisdiction, is not necessarily synonymous with domicile. Accordingly, plaintiff's amendment fails to properly address the citizenship of either defendant. The Court, however, notes that defendants do not assert that defendant, Smith, is not a citizen of Louisiana, but merely assert that plaintiff has failed to properly allege citizenship for purposes of diversity jurisdiction.

Though plaintiff's jurisdictional argument is ultimately grounded exclusively in an allegation of domicile, the absence of any argument by defendants of an actual lack of subject matter jurisdiction, coupled with certain language in plaintiff's amendment and opposition to the second motion to dismiss,[1] suggest that subject matter jurisdiction

---

[1] Also pending before the Court is an earlier motion to dismiss, filed by defendant, Leonard Smith, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court however, may not consider that motion until plaintiff alleges facts from which the Court may determine that it has subject matter jurisdiction.

may be present, and dismissal of this matter at this juncture may not serve the interests of justice.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff amend the complaint within 5 days of this date to provide the Court with facts sufficient to meet his burden of establishing the *citizenship* of of Jazz Auto Repair and Replacement, LLC for the purposes of diversity jurisdiction. Should plaintiff's counsel fail to do so, this matter will be dismissed without further notice.

Baton Rouge, Louisiana, June 28, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA