UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGTON NORTH AMERICA, INC.

VERSUS

LEONARD SMITH, doing business
as JAZZ AUTO GLASS

CIVIL ACTION

NO. 11-176-BAJ-DLD

**RULING**

This matter is before the Court on a motion by defendant, Leonard Smith to dismiss the complaint for failure to state a claim and for failure to join a necessary party (doc. 9). Plaintiff has filed an opposition to the motion (doc. 11) and has amended the complaint to add Jazz Auto Repair and Replacement, LLC, as a defendant (doc. 10). Jurisdiction is alleged under 28 U.S.C. § 1332.

Subsequent to the filing of defendant's motion to dismiss, the Court ordered plaintiff to amend the complaint to properly allege the citizenship of the defendant, LLC, for purposes of diversity jurisdiction (doc. 13). In response to plaintiff's subsequent allegation of domicile rather than citizenship, defendants filed a second motion to dismiss, this time asserting a lack of subject matter jurisdiction (doc. 15) and the Court again ordered defendant to amend the complaint to meet his burden of establishing diversity jurisdiction (doc. 17).

Upon review of plaintiff's Third Amended and Restated Complaint for Damages (doc. 18), the Court finds that plaintiff has alleged, in pertinent part, that the defendants are citizens of the state of Louisiana whereas the plaintiff is a citizen

of the state of Delaware and the amount in controversy exceeds the jurisdictional amount. Accordingly the Court finds that it has subject matter jurisdiction and turns to the motion to dismiss pursuant to Rule 12(b)(6).

In determining whether a plaintiff has stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in the complaint are accepted as true and the allegations are construed in the light most favorable to the nonmovant. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005) *cert. denied*, 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004). "A dismissal for failure to state a claim is disfavored in the law and justified only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Matter of U.S. Abatement Corp.*, 39 F.3d 556, 559, (5th Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994); *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the Court does not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions. *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint

warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis in original).

In support of the motion, defendant, Leonard Smith, argues that he may not be held personally liable for debts allegedly incurred by a limited liability corporation, but the amended complaint alleges that the defendant, Leonard Smith, "signed the Credit Agreement [pursuant to which the debt was incurred] identifying Jazz Auto Glass as the Customer and himself as owner (doc. 10, ¶ 8). The amended complaint further alleges that "[Leonard Smith] also signed the guaranty provision of the Credit Agreement whereby he personally guaranteed payment of any indebtedness to [plaintiff] on glass and related purchases" (*Id.* at ¶ 9).

Accepting the well-pleaded facts above as true and construing the allegations in the light most favorable to the plaintiff, the Court finds that the complaint states a claim against defendant, Leonard Smith, upon which relief can be granted.[1]

For all of the above reasons, defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 15) is **DENIED**; the motion by defendant, Leonard Smith, to dismiss for failure to state a claim upon which relief can be granted (doc. 9) is **DENIED**; and the motion by defendant for leave to attach an exhibit to the motion to dismiss (doc. 12) is **DENIED** as moot.

Baton Rouge, Louisiana, July 13, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] Because the plaintiff has added Jazz Auto Repair and Replacement, LLC, as a defendant in the amended complaint, the Court need not address defendant's argument pertaining to the failure to join that defendant.