UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PILKINGTON NORTH AMERICA, INC.**     **CIVIL ACTION**

**VERSUS**     **NUMBER 11-176-BAJ-DLD**

**LEONARD SMITH, DBA JAZZ AUTO GLASS**

## ORDER

This matter is before the court on a referral from the district court of defendants' motion to quash subpoenas [directed to defendants' financial institutions] and for protective order. (rec.doc. 24). The motion is opposed. (rec.doc. 28)

*Background*

On March 22, 2011, plaintiff filed suit against Leonard Smith and his unincorporated sole proprietorship Jazz Auto Glass, invoking this court's diversity jurisdiction, for claims of breach of contract and liability under Louisiana Revised Statute 9:2781, otherwise known as the "Open Account Statute," among other things. Plaintiff later amended and restated the complaint to include Jazz Auto Repair and Replacement, LLC, as an alternative defendant. (rec.doc. 10)

Plaintiff alleges that on or about November 28, 2007, the parties entered into a Credit Agreement, pursuant to which plaintiff agreed to extend credit to defendants under the terms and conditions contained therein. Defendant Smith executed the Credit Agreement, identifying Jazz Auto Glass as the customer, and Smith executed the guaranty provision of the Credit Agreement as it related to Jazz Auto Glass. (rec.doc. 1). Plaintiff also alleges that between March, 2009 and February, 2011, defendants purchased glass

products from plaintiff in the net amount of more than $1.1 million dollars, but failed to pay for same.

In response, all the defendants contend that they were never granted credit or had an open account with plaintiff, they do not have records of the transactions, and that all glass products purchased for them were "paid for upon delivery by either cash or credit card authorization," among other things. (rec.doc. 19) Defendants also contend that plaintiff's claims should be dismissed on the grounds of accord and satisfaction. *Id.*

***The Motion to Quash***

On December 19, 2011, plaintiff issued subpoenas to Capital One Bank, N.A. and J.P. Morgan Chase Bank, seeking the following documents:

> CERTIFIED COPIES of all bank records for Leonard S. Smith (xxx-xx-0849), Jazz Auto Glass and/or Jazz Auto Repair & Replacement, LLC from Janaury 1, 2007, through the present, including, but not limited to, any all bank records from any branch of [Capital One, NA or J.P. Morgan Chase Bank] regarding checking accounts, savings accounts, loan agreements, lines of credit, or any other financial transactions undertaken by or on behalf of Leonard S. Smith (xxx-xx-0849), Jazz Auto Repair & Replacement, LLC.

(rec.doc. 24-2, e.g.)

Defendants then filed the instant motion to quash stating that the subpoenas were overbroad, vexatious, harassing and constituted a "fishing expedition"; sought irrelevant and/or confidential information; and constituted an unauthorized, pre-judgment debtor examination. Defendants Smith and Jazz Auto Repair argue that they have grounds to challenge the subpoenas issued to their financial institutions because Smith and Jazz Auto Glass have a legitimate privacy interest in the requested records. Defendants further argue that seeking five years of records is outside the scope of relevant discovery, and that the only relevant fact is whether or not Smith and Jazz Auto Glass owe the alleged debt.

-2-

Defendants contend that "examining defendants' checking account and banking transactions do nothing to show whether or not the alleged debt is owed," and the subject subpoenas are designed to "elicit confidential information" which "potentially could serve as an unfair advantage and/or leverage" to plaintiff. (rec.doc. 24-1, pgs. 3, 4) Defendants cite to *Old Towne Development Group, LLC v. J. David Matthews*, 2009 WL 2021723 (M.D.La. July 9, 2009) in support of their arguments.

In response to the motion to quash, plaintiff argues defendants have claimed that they do not have copies of the invoices and delivery receipts, and produced only the signed Credit Agreement in response to a discovery request for all their business records relating to the transactions with plaintiff from 2006 to present. Plaintiff also argues that defendants are claiming that all the transactions were with Jazz Auto Repair, although plaintiff alleges that this entity was not formed "until long after the transactions" with plaintiff began. (rec. doc. 28)

### *Governing Law & Analysis*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1).

The first issue raised by plaintiff is defendants' alleged lack of standing to seek to quash a subpoena issued to a third party, particularly in regard to a bank's records as other courts have determined that bank records are the business records of the bank, and a party

has no personal right over those records.  However, plaintiff acknowledges the line of unreported cases in the Fifth Circuit which have found that a party's personal interest in the confidentiality of bank records was sufficient to confer standing. *See, e.g.*, *Old Towne* *1; Keybank Nat. Ass'n v. Perkins Rowe Associates, LLC*, 2011 WL 338470, *2 (M.D. La. January 31, 2011).  Thus, because the authority in this District and other local districts dictates that this interest is enough to confer standing to challenge the bank subpoenas, this court finds that defendants have standing to challenge the subpoenas on this basis.

As the parties are aware, the scope of discovery is broad.  Here, defendants deny the transactions occurred, kept no records of either invoices or delivery receipts, and claim they made any payments either in cash or through credit card authorizations, leaving, presumably, banking records as one of the only business records in existence.

According to the pleadings, the credit agreement was executed on November 8, 2007, and the period of non-payment extended from March, 2009, to February, 2011. Since defendants contend they kept no separate records of purchases or delivery receipts, bank records likely could contain relevant information, or lead to relevant information, about cash sales and purchases on credit.  Thus, those bank records from November, 2007, to February, 2011, are discoverable.

However, the court finds that defendants' interest in the confidentiality of their banking records are best served by a protective order.  Thus, to the extent that the responses to the subpoenas may require production of confidential or proprietary information, and in anticipation of potentially similar discovery disputes, the court will order the parties to fashion a joint protective order with regard to any confidential and/or

proprietary information which may arise in this matter, and submit same for the court's approval.

Accordingly,

**IT IS ORDERED** that the motion to quash subpoenas [to defendants' financial institutions] and for protective order is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion for protective order is **GRANTED**. The parties shall submit to the court a joint protective order in accordance with this court's Administrative Procedures within fourteen (14) days of this Order. Such protective order shall govern all confidential and/or proprietary information which may arise in this matter.

2. Defendants' motion to quash the subpoenas is **DENIED** as to defendants' banking records between November, 2007 through February, 2011. These documents shall be produced by the subject financial institutions in their entirety within twenty-eight (28) days of this Order. It is the parties' responsibility to expeditiously inform the financial institutions of this Order.

3. In all other respects, the motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 2, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**