# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PILKINGTON NORTH AMERICA, INC.**     **CIVIL ACTION**

**VERSUS**     **NUMBER 11-176-BAJ-DLD**

**LEONARD SMITH, DBA JAZZ AUTO GLASS**

## ORDER

This matter is before the court on a referral from the district court of defendants' motion to quash subpoena to William Vanderbrook, CPA. (rec.doc. 29). The motion is opposed. (rec.doc. 30)

*Background*

On March 22, 2011, plaintiff filed suit against Leonard Smith and his unincorporated sole proprietorship Jazz Auto Glass, invoking this court's diversity jurisdiction, for claims of breach of contract and liability under Louisiana Revised Statute 9:2781, otherwise known as the "Open Account Statute," among other things. Plaintiff later amended and restated the complaint to include Jazz Auto Repair and Replacement, LLC, as an alternative defendant. (rec.doc. 10)

Plaintiff alleges that on or about November 28, 2007, the parties entered into a Credit Agreement, pursuant to which plaintiff agreed to extend credit to defendants under the terms and conditions contained therein. Defendant Smith executed the Credit Agreement, identifying Jazz Auto Glass as the customer, and Smith executed the guaranty provision of the Credit Agreement as it related to Jazz Auto Glass. (rec.doc. 1). Plaintiff also alleges that between March, 2009 and February, 2011, defendants purchased glass products from plaintiff in the net amount of more than $1.1 million dollars, but failed to pay for same.

In response, all the defendants contend that they were never granted credit or had an open account with plaintiff, they do not have records of the transactions, and that all glass products they purchased were "paid for upon delivery by either cash or credit card authorization," among other things. (rec.doc. 19) Defendants also contend that plaintiff's claims should be dismissed on the grounds of accord and satisfaction. *Id.*

### *The Motion to Quash*

On January 4, 2012, plaintiff issued a subpoena to William Vanderbrook, CPA, defendants' accountant, generally seeking "all records relating in any way to Leonard S. Smith (xxxx-xx-0849), Jazz Auto Glass and/or Jazz Auto Repair & Replacement, LLC, from January 1, 2007 through the present." (rec.doc. 29) In their motion to quash, defendants describe this subpoena as a "back door attempt to obtain the same records previously requested from Capital One Bank, and J.P. Morgan Chase Bank." Id. Defendants also contend that the subpoena represents a "fishing expedition," seeks irrelevant and/or confidential information, and constitutes an unauthorized, pre-judgment debtor examination. Defendants cite to *Old Towne Development Group, LLC v. Matthews*, 2009 WL 2021723 (M.D. La. July 9, 2009) in support of their argument. Id.

Defendants Smith and Jazz Auto Repair argue that they have grounds to challenge the subpoenas issued to their accountant because Smith and Jazz Auto Glass have a legitimate privacy interest in the requested records. Defendants further argue that seeking five years of records is outside the scope of relevant discovery, and that the only relevant fact is whether or not Smith and Jazz Auto Glass owe the alleged debt. Defendants contend that examining their financial records "does nothing to show whether or not" money is owed to Pilkington, that the information is confidential, and that the requests are overly broad.

In response to the motion to quash, plaintiff argues defendants have claimed that they do not have copies of the invoices and delivery receipts, and thus produced only the signed Credit Agreement in response to a discovery request for all their business records relating to the transactions with plaintiff from 2006 to present. Plaintiff contends that defendants seek "to prevent legitimate discovery of third party records relating to their business operations while at the same time failing to produce any of their own records of such operations." (rec.doc. 30)

### *Governing Law & Analysis*

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 34(a)(1) permits a party to serve a request for production of documents or electronically stored information that are in the responding party's possession, custody, or control. "Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Autery V. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. April 13, 2010) Moreover, Rule 34's definition of "possession, custody, or control," includes not only actual possession or control of the materials, but also the legal right or practical ability to obtain the materials from a nonparty to the action. *In re Katrina Canal Breaches*, 2007 WL 1852184 (E.D.La. June 27, 2007); *U.S. v. Allstate Insurance Co.*, 2010 WL 3522958 (E.D. La. August 31, 2010); *Keybank Nat. Ass'n*

*v. Perkins Rowe Associates*, 2011 WL 765925 (M.D. La. February 25, 2011). It is plaintiff's duty to make a reasonable search of all sources reasonably likely to contain responsive documents. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 247 F.R.D. 198, 204 (D.D.C. 2008) "All sources" include other entities such as plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc. *See, e.g. Waldrip v. Hart*, 934 F.Supp. 1282, 1286, 18 A.D.D. 447 (D. Kan. 1996).

Here, defendants have produced very little documentation in their responses to discovery, and the records typically kept by a business appear to be non-existent, according to defendants. For example, defendants stated in response to an interrogatory that "[w]ithout copies of the actual invoices and delivery receipts, defendants are unable to intelligently respond to this interrogatory." rec.doc.30, pg. 7) Invoices and delivery receipts, along with records of payments, are among the very things which ordinarily would be in defendants' possession, custody or control. Due to the fact that defendants have failed to produce documents responsive to the requests for production and failed to make any search of all sources reasonably likely to contain responsive documents, plaintiff has had to incur the additional expense and time to issue Rule 45 subpoenas to defendants' financial institutions and accountant. Ordinary business practice would dictate that defendants used their own business records to file income tax returns or conduct other financial transactions with the aid of their accountant, and the information sought by the subpoena clearly is within defendants' custody and control. Also, to the extent that the motion to quash concerns a Rule 45 subpoena to a non-party, the court nevertheless determines that under its broad discretion under Rule 26, the analysis regarding the production of the business records may be conducted under Rule 34 as defendants had a duty to search all sources, including their accountant's records, when responding to discovery, but failed to do so in this case.

Furthermore, the court is not going to address defendants' arguments relating to the scope of discovery because those same arguments were raised with regard to the subpoenas addressed to defendants' financial institutions, and the court addressed those arguments clearly in the previous order. With regard to the confidentiality of the accountant's records, the court has issued a separate protective order which addresses this information, and no further order is necessary in this regard.

Further, due to defendants' dilatory tactics in cooperating with discovery, the court will grant plaintiff's motion to extend deadlines under separate order, and cautions defendants that further failure to cooperate in discovery may result in the recommendation that defendants be sanctioned, up to and including the striking of their pleadings. *See* Rule 37, *et seq.*

Accordingly,

**IT IS ORDERED** that the motion to quash subpoena to William Vanderbrook CPA (rec.doc. 29) is **DENIED** in its entirety. These documents shall be produced by William Vanderbrook, CPA, in their entirety within twenty-eight (28) days of this Order, and it is the parties' responsibility to immediately inform William Vanderbrook of this Order.

Signed in Baton Rouge, Louisiana, on April 11, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**