UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGTON NORTH AMERICA, INC.    CIVIL ACTION

VERSUS    NUMBER 11-176-BAJ-DLD

LEONARD SMITH, DOING BUSINESS AS
JAZZ AUTO GLASS, ET AL

## ORDER

This matter is before the court on a referral from the district court on plaintiff's motion to compel (rec. doc. 32), filed herein on March 6, 2012. According to Local Rule 7.4, any opposition to this motion to compel was required to be filed within twenty-one (21) days after service. Defendants' response to the motion was due March 30, 2012, but as of April 5, 2012, no opposition has been filed.

*Background*

On March 22, 2011, plaintiff filed suit against Leonard Smith and his unincorporated sole proprietorship Jazz Auto Glass, invoking this court's diversity jurisdiction, for claims of breach of contract and liability under Louisiana Revised Statute 9:2781, otherwise known as the "Open Account Statute," among other things. Plaintiff later amended and restated the complaint to include Jazz Auto Repair and Replacement, LLC, as an alternative defendant. (rec.doc. 10)

Plaintiff alleges that on or about November 28, 2007, the parties entered into a Credit Agreement, pursuant to which plaintiff agreed to extend credit to defendants under the terms and conditions contained therein. Defendant Smith executed the Credit Agreement, identifying Jazz Auto Glass as the customer, and Smith executed the guaranty provision of the Credit Agreement as it related to Jazz Auto Glass. (rec.doc. 1). Plaintiff

also alleges that between March, 2009 and February, 2011, defendants purchased glass products from plaintiff in the net amount of more than $1.1 million dollars, but failed to pay for same.

In response, all the defendants contend that they were never granted credit or had an open account with plaintiff, they do not have records of the transactions, and that all glass products purchased for them were "paid for upon delivery by either cash or credit card authorization," among other things. (rec.doc. 19)

***The Instant Motion to Compel***

There are two main issues addressed in plaintiff's motion: 1) insufficiency of defendants' initial disclosures and responses to first set of discovery; and 2) failure to respond to second set of discovery.

Plaintiff contends that defendants' initial disclosures, and responses to first request for production, requests for admission, and interrogatories are insufficient. With regard to the initial disclosures, plaintiff states that although initial disclosures were produced untimely, defendants only identified two documents as relating to this case. In response to the first set of discovery propounded on October 28, 2011, few additional documents were produced, and the additional documents did not reflect "any specific purchase or sale of any glass." (rec.doc. 32) In particular, no operating records of the glass sales operations were provided. (rec.doc. 32-1, pg. 3)

With regard to the first request for production, plaintiff specifically requested "all documents relating to your [defendants'] transactions with PNA from 2006 to the present," and in response, defendants produced the single page Credit Agreement previously provided to defendants from plaintiff. (rec.doc. 32-1, pg. 8) In response to a request for all

documents relating to sales of glass and related products from 2006 to the present (rec.doc. 32-1, pg. 9), defendants responded only that "no signed invoices are kept by Jazz Auto Glass." Moreover, defendants objected to identifying any documents that support their defenses, other than the one letter and Credit Agreement.

With regard to the first set of interrogatories and first request for admissions, plaintiff explained that they provided a spreadsheet of all transactions to defendants, and these discovery requests sought to determine whether the items were received, and whether or not the invoices were paid. Id., at pgs. 10-11. In response, defendants claimed they could not respond without having access to the actual invoices. Plaintiff then issued the second set of interrogatories and second request for admissions on December 28, 2011, which provided defendants access to plaintiff's copies of the invoices for review and inspection. Defendants did not review the invoices and did not respond to the second set of discovery. An unsuccessful discovery conference was held on January 12, 2012. (Id., at 5)

### Governing Law & Analysis

Federal Rule of Civil Procedure 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." The Federal Rules of Civil Procedure therefore permit broad discovery, allowing inquiry into any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1).

Rule 26(a) requires that a copy of all documents in a party's *possession, custody or control* that may be used to support it claims or defenses, must be exchanged without the need for a discovery request. (emphasis added) Rule 26(e) requires the supplementation

-3-

of initial disclosure or discovery responses if either is incomplete or incorrect. Identical to Rule 26(a), Rule 34(a)(1) requires production of documents or electronically stored information that are in the responding party's *possession, custody, or control.* (emphasis added)

"Rule 34 is broadly construed and documents within a party's control are subject to discovery, even if owned by a nonparty." *Autery V. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. April 13, 2010) Moreover, Rule 34's definition of "possession, custody, or control," includes not only actual possession or control of the materials, but also the legal right or practical ability to obtain the materials from a nonparty to the action. *In re Katrina Canal Breaches*, 2007 WL 1852184 (E.D.La. June 27, 2007); *U.S. v. Allstate Insurance Co.*, 2010 WL 3522958 (E.D. La. August 31, 2010); *Keybank Nat. Ass'n v. Perkins Rowe Associates*, 2011 WL 765925 (M.D. La. February 25, 2011). It is plaintiff's duty to make a reasonable search of all sources reasonably likely to contain responsive documents. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 247 F.R.D. 198, 204 (D.D.C. 2008) "All sources" include other entities such as plaintiff's attorney, expert, insurance company, accountant, spouse, agent, etc. *See, e.g. Waldrip v. Hart*, 934 F.Supp. 1282, 1286, 18 A.D.D. 447 (D. Kan. 1996).

1.  *The Insufficiency of the Discovery*

Defendants' Initial Disclosures (rec.doc. 32-2, exhibit "A) state the following:

<u>Documents currently in Defendants' possession which may be used to support their claims:</u>

1. Letter from Pilkington dated February 28, 2011 regarding Pilkington's internal audit and alleged failure to bill Jazz Auto Glass;

-4-

Case 3:11-cv-00176-BAJ -DLD   Document 39   04/11/12   Page 4 of 7

2. Copy of a "Daily Credit Card Authorization," dated March 2009.

"Documents currently in Defendants' possession" is not a sufficient attempt at compliance under Rule 26(a), which also requires the production of documents in a party's custody or control. Defendants shall supplement their initial disclosures in accordance with Rule 26.

With regard to the first request for admissions, Rule 36(a)(4) states that:

> The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.* (emphasis added)

Defendants have not stated that they made a reasonable inquiry and that the information they know *or can readily obtain* was insufficient. (emphasis added) Defendants shall file amended responses to the first request for admissions in accordance with Rule 36(a)(4)

In the same vein, defendants' responses to the first set of interrogatories also are insufficient. For example, when asked to set forth any and all legal and factual grounds for their position that the full amount of payment to plaintiff is not owed, and identify all persons and documents supporting their position (rec.doc. 32-1, pg. 7), defendants objected on the basis of "the attorney work product doctrine," and stated that it was plaintiff's burden to prove the amount of the alleged debt owed. Defendants further stated that "without copies of the actual invoices and delivery receipts," defendants are unable to intelligently respond to this interrogatory." (rec.doc. 32-1, pg. 8) Defendants were provided an opportunity to review copies of the invoices, but failed to do so. Moreover, defendants have failed to demonstrate that the work product doctrine applies to the *factual information* which would

reflect that payments were made for the glass products. Defendants shall supplement their responses to the first set of interrogatories in accordance with Rules 26 and 33.

Likewise, defendants' responses to the first request for production are insufficient. Essentially, defendants have contented they do not have copies of the invoices and delivery receipts, but have failed to provide other business, sales, or operations records, or affirmatively state that no other records exist which are in their possession, custody, or control. Rule 26(a) requires that documents in support of defendants' defenses be provided. Defendants shall supplement their responses to the first request for production in accordance with Rules 26 and 34.

## *2.    The Unanswered Discovery*

Plaintiff contends, and defendants do not deny, that no responses were provided with regard to the second set of interrogatories and the second request for admissions. With regard to the second set of interrogatories propounded to defendants on December 23, 2011, the court will order that defendants respond within fourteen (14) days of this order.

Turning to the second request for admissions, Rule 36(a)(3) states that the matter is admitted unless, within 30 days after being served, a written answer or objection is served. Plaintiffs propounded the second request for admissions on December 23, 2011 (rec.doc. 32-4, pgs. 3-11); thus, defendants' objections or answers were due on January 16, 2012, but were not received. Therefore, the court deems the matter admitted as to each of the requests in the second requests for admissions.

Accordingly,

**IT IS ORDERED** plaintiff's motion is **GRANTED** with reasonable costs not to exceed $250, excluding attorneys' fees, to be borne by defendants.

**IT IS FURTHER ORDERED** that defendant shall serve supplemental initial Disclosures, and supplemental responses to the first set of interrogatories, the first request for production, and the first request for admissions on or before **April 26, 2012**.

**IT IS FURTHER ORDERED** that defendants shall serve their responses to the second set of interrogatories on or before **April 26, 2012**.

**IT IS FURTHER ORDERED** that the second request for admissions is deemed admitted.

No attorneys' fees are awarded at this time; however, repeated failure to cooperate in discovery may result in the imposition of additional sanctions, including the awarding of attorneys' fees. Failure to comply with this court's orders may result in sanctions, including but not limited to, an order prohibiting defendants from opposing plaintiff's claims or supporting their own defenses, and/or an order striking defendants' pleadings. See, F.R.C.P. Rule 26(b).

Signed in Baton Rouge, Louisiana, on April 11, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**