**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PILKINGTON NORTH AMERICA, INC.**

**CIVIL ACTION**

**VERSUS**

**LEONARD SMITH, d/b/a JAZZ AUTO GLASS, and JAZZ AUTO REPAIR AND REPLACEMENT, LLC**

**NO.: 11-00176-BAJ-RLB**

**RULING AND ORDER**

Before the Court is Plaintiff Pilkington North America, Inc.'s ("Pilkington") **Motion for Summary Judgment (Doc. 40)**, seeking an order from this Court granting summary judgment in its favor against the Defendant Leonard Smith ("Smith") and his company, Jazz Auto Repair and Replacement, LLC, d/b/a/ Jazz Auto Glass (herein "Jazz Auto Glass"). Plaintiff asserts that the Defendant is liable to Plaintiff for unpaid purchases on an open account. The motion is opposed. (Doc. 43.) Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1332.

**I. Background**

Pilkington, a national wholesale supplier of glass and glass related products, filed suit on March 22, 2011 against Smith as the owner of Jazz Auto Glass, a glass repair and replacement company, for alleged breach of contract pursuant to terms of a Credit Agreement. Pilkington alleges that Smith and Jazz Auto Glass executed a signed Credit Agreement on November 28, 2007 (Doc. 40, at 1.) There is disagreement

as to the timing of events at this juncture, but the parties do agree that at some point thereafter, and at the very latest 2009, Smith began to purchase and receive glass products from Pilkington. Pilkington alleges that Smith received products until February 2011, with each transaction being documented upon delivery of the items. (Doc. 40-2, at 2.)

Pilkington claims that Smith's unpaid charges went on for two years without notice. Pilkington does not describe in detail the specifics as to why the charges went unnoticed, but it asserts that it made amicable demand to Smith for payment before filing suit in March 2011. (Doc. 40-2, at 3.) Pilkington asserts that Smith has yet to pay for his purchases and is indebted to Pilkington for the unpaid balance, with an outstanding obligation totaling $1,196,075.57.[1] (Doc. 40-2, at 2.) Pilkington seeks payment of this balance, as well as costs and attorney's fees. (Doc. 40, at 2.) In the instant motion, Pilkington seeks summary judgment on the basis that Smith has breached his Credit Agreement with Pilkington, pursuant to the express terms contained therein. Pilkington also asserts that Smith is liable to Pilkington pursuant to Louisiana's Open Account Statute, found at Louisiana Revised Statutes 9:2781. Finally, Pilkington asserts that Smith is liable for interests, costs, and attorney's fees, also pursuant Louisiana Revised Statute 9:2781.

Smith opposes Pilkington's claims and asserts that his company, Jazz Auto Glass, was a cash customer of Pilkington and that he paid for products as he received

---

[1] Pilkington asserts that this amount includes credits for glass products purchased and later returned. (Doc. 40-2, at 2.)

them. (Doc. 43, at 1-2.) Smith also asserts that "at no time was he or Jazz Auto Glass ever approved for credit with Pilkington." (*Id.*) Therefore, Smith contends that he had no reason to believe he was accumulating debt with Pilkington, as he had never been notified by letter or by phone of any such debt until two years after he started receiving products. Smith alleges that Pilkington advised him that they were at fault for accounting errors concerning his billing and that Pilkington was accepting responsibility. (*Id.*) For this reason, Smith asserts that there are genuine issues of material fact which support the motion.

## II. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* The court may not evaluate the

credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. Discussion

The Court concludes that the motion for summary judgment should be granted and judgment rendered in favor of Plaintiff Pilkington North America, Inc. For the reasons cited herein, Defendant Smith has not established that a genuine issue of

material fact exists as to whether there is a sum owed on an open account to Pilkington.

Pilkington asserts several reasons why summary judgment should be granted in its favor. One such reason is that Smith's signed Credit Agreement is evidence of the existing debt. However, Smith asserts that because the Credit Agreement identifies him as "applicant," the Agreement can only be taken as an "application" for credit, and not as an executed credit agreement. He also asserts that it is not dated, and that it therefore fails to provide the Court any indication as to when it was executed. Finally, Smith asserts that, because the Credit Agreement is not signed by a Pilkington representative, it is not enforceable pursuant to Louisiana Civil Code Articles 1947, 1837, and 1832. (Doc. 43, at 4-5.)

The Court disagrees and finds Smith's assertions to be unavailing. First, Pilkington has produced unrebutted evidence establishing that Smith, on behalf of Jazz Auto Glass, is in fact a customer of Pilkington who signed a Credit Agreement establishing his liability for any debt incurred. (Doc. 40-3, at 14.) Despite Smith's assertions (Doc. 43, at 3-4), there is nothing unclear or ambiguous about the Credit Agreement. It clearly states that Pilkington is a "creditor," for purposes of the Agreement, and that Pilkington as creditor intended to extend credit to Jazz Auto Glass to the applicant, Smith. (Doc. 40-3, at 14.) The Agreement also plainly conveys the terms of how the credit and collection process works, Smith's liability as owner of the sole proprietorship, and plainly states the terms of its "guaranty" clause. Smith has

made blanket assertions as to why the Agreement is invalid, but he has not managed to address the obvious contents of the document.

Moreover, the Court agrees with Pilkington that "where there is written agreement, a contract lacking an offeror's signature is still enforceable[.]" (Doc. 47, at 4.) "Where . . . one party drafts and presents a contract and the other signs, the contract is valid and binding upon the offeree even where the offeror fails to sign." *Ludwig v. Bottomly and Associates, Inc.*, 1996 WL 426678, * 2 (E.D.La. 7/26/96).[2] Under Louisiana law, the absence of the offeror's signature on a contract is not enough to render the contract unenforceable. Thus, Smith's argument that the lack of a signature from Pilkington's representative fails as a matter of law.

Further, Pilkington also correctly notes that "an act under private signature is valid even though signed by one party alone, if the non-signing party exhibits conduct revealing that it has availed itself of the contract."[3] (Doc. 47, at 4.) The law clearly supports this assertion. Even if Pilkington's Representative did not sign the Credit Agreement, Smith obviously intended to pursue his relationship with Pilkington by accepting products on a regular basis. Smith has never denied that he refused products

---

[2] Pilkington directs the Court to *Atl. Banana Co., v. Standard Fruit & S.S. Co.*, 493 F.2d 555, 559 (5th. Cir. 1974) ("Moreover, under Louisiana law, where one party drafts a contract and presents it to the offeree for signing, the contract is valid and binding upon the offeree's acceptance even if the offeror subsequently fails or refuses to sign the document.")

[3] Pilkington directs the Court to Louisiana Civil Code Article 1837, comment b. It also analogizes this matter to the one presented in *Durham Sch. Services, L.P. v. Sojourner Truth Acad.*, 2012 WL 2133672, *3-4 (E.D. La. 6/12/12). Pilkington asserts that "[t]he Durham court explained that the defendant ignored comment (b) of article 1837, which states that the article is not intended to negate the validity of an agreement if the non-signing party exhibits conduct revealing that it has 'availed' itself of the contract. *Id.*" (Doc. 47, at 4.)

from Pilkington out of concern for the validity of a contract. Granted, Smith maintains that payment was rendered for the products he received; however, Smith has not provided any credible evidence, besides deposition testimony, to rebut that the Credit Agreement was invalid or non-binding. Thus, this argument must fail. Finally, Smith generally asserts that the lack of a date on the Agreement calls into question its authenticity. However, Smith has provided no legal basis as to why this would make the Agreement null, nor has the Court found any provision under Louisiana obligations law to support this assertion. As such, without further evidence, this argument must also fail.

The Court concludes that Smith has produced absolutely nothing, other than a mere denial, showing that he has rendered all necessary payments to Pilkington which would require denial of the instant motion. Smith generally asserts that he was a cash on delivery ("COD") customer of Pilkington, and that he paid for products as they were delivered. (Doc. 43, at 1-2.) However, Smith has provided no receipts to the Court concerning any of his transactions with Pilkington, nor has he indicated that any such proof of payments exists and will be offered at trial. Smith provided the Court with three invoices, purportedly showing items that he purchased at three occasions in 2009 and 2010. (Doc. 43-6, 1-3.) On review, it is determined that these invoices have very little evidentiary value in this matter, as the invoices do not indicate that they are receipts, nor do they show how or when payment was rendered for the items.

Smith asserts he had no need to keep the receipts from his transactions since the items were paid for by his store managers upon delivery. (Doc. 43, at 6.) He also asserts

that it is inconceivable how a COD customer can be allowed to accumulate such a large debt over two years without someone noticing the problem, and that it is odd that Pilkington has not provided the Court with any invoices it claims evidence the debt.

The Court is not convinced by these assertions. Smith wants the Court to assume that all of his transactions were completed and paid in full. Yet, he has not pointed to any documentary evidence to support his COD status. The only evidence of the transactions that took place between the parties is the transaction log provided by Pilkington. Smith cannot support his position that he paid for any of the products, simply because he has no records. It is inconceivable to this Court how any business cannot keep records of any of its transactions, particularly where there is a credit inquiry concerned.

Smith attempts to adopt the argument from a similar case pending in this Court concerning a credit debt owed to Pilkington, in which defense counsel asserts that Pilkington's internal billing problems may be erroneously charging debt against customers. (Doc. 43, at 6.) The Court agrees with Pilkington that this argument is not evidence, and will have no bearing as such. *See* Doc. 47, at 7-8. Nevertheless, assuming arguendo, that Pilkington did have internal billing issues, Smith has still failed to rebut any of the evidence presented here showing that there is, in fact, an outstanding debt. Again, he has provided no receipts or transactional documents that would support his position. The Court can only conclude that Smith has assumed the risk in this dispute by engaging in sloppy business practices. Smith has presented the Court with

nothing more than a mere denial of the allegations against him, and such is not enough to defeat summary judgment.

Moreover, beyond failing to provide credible evidence disputing his debt, Smith continually failed to timely answer interrogatories presented to him, and to answer other interrogatories sufficiently. Even after being provided additional time to respond, Smith failed to comply. Finally, he asked the Court to grant him leave to amend his incorrect or incomplete responses (Doc. 44), but the Court denied this motion on the grounds that Smith provided no good grounds to justify his request. (Doc. 51.) It is evident that Smith, despite repeated opportunities, has failed to produce credible evidence to support his opposition.

The Court is satisfied that Pilkington has sufficiently shown that Smith, as well as Jazz Auto Glass, are liable for the full amount of debt and attorney's fees owed pursuant to Louisiana Revised Statutes 9:2781.[4] [5] *See* Doc. 40-2. Pilkington has

---

[4] Pilkington asserts that, early in the litigation, there was dispute as to whether Jazz Auto Glass was liable on the debt. (Doc. 40-2, at 12.) Thus, to end any further argument, Jazz Auto Glass was added as a defendant to the lawsuit. After a review of the record, the Court notes that Smith has not made any argument concerning the individual liability of Jazz Auto Glass in connection with this motion. Nevertheless, in an abundance of caution, the Court hereby renders any ruling or judgment herein as to both Smith and Jazz Auto Glass.

[5] Louisiana Revised Statutes 9:2781 provides, in pertinent part, that:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of

sufficiently pointed to the applicable law, and has provided a factual basis and supportable evidence under the Louisiana Open Account Statute, for the Court to grant recovery.

Smith has attempted to convince the Court that estoppel prevents Pilkington from collecting the debt, as Pilkington allegedly waited two years to send a demand notice. He also asserts that Louisiana Revised Statutes 9:2781 is inapplicable to attorney's fees because Pilkington did not attach invoices to the demand notice. (Doc. 43, at 9.)

Yet, Smith has cited no legal authority to support his position on either defense. In fact, his conclusions can only be considered outlandish. In spite of any arguments raised by Smith, it still remains that he has signed Credit Agreement and he has not provided any receipts or documentation supporting his position. Smith asks the Court for the chance to conduct additional discovery on why Pilkington failed to collect the debt until February 2011. (Doc. 43, at 8.) However, such additional discovery, three years later, will not change the outcome now reached by the Court. Allowing additional discovery at this juncture would be a waste of the Court's time and resources.

"Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment." *Durham School Services, L.P. v. Sojourner Truth Academy*, 2012 WL 2133672 at *3 (citing *Malacara v. Garber*, 353 F.3d 393, 405

---

written demand by the person is not required.

(5th Cir.2003)). The Court has repeatedly attempted to give Smith opportunities to provide credible evidence to support his defense, but given his refusal to participate in the discovery process, he has not done so. Pilkington has provided unrebuttable evidence to support its claim, including transaction documents, a signed Credit Agreement, an affidavit, and facts supported by law. Thus, the Court concludes that there is no genuine issue of material fact present under these circumstances, and summary judgment is granted for Pilkington.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Pilkington North America, Inc.'s ("Pilkington") **Motion for Summary Judgment (Doc. 40)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is also **ENTERED** herein against Defendant Leonard Smith and his company, Jazz Auto Repair and Replacement, LLC, d/b/a/ Jazz Auto Glass for the full and true amount of $1,196,079.57, plus interest at the current judicial interest rate of 0.14% per annum from the date of entry of this Order until paid, *see* 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that **JUDGMENT** is also **ENTERED** herein against Defendant Leonard Smith and his company, Jazz Auto Repair and Replacement, LLC, d/b/a/ Jazz Auto Glass for all costs incurred by Plaintiff in these proceedings.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Attorney's Fees is **DENIED, without prejudice.** Plaintiff shall have the option to refile the motion, and

should include all necessary information for the Court to conduct an analysis on an award for attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion and Incorporated Memorandum to Return Motion for Summary Judgment to Docket (Doc. 52)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 25th day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**