UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PILKINGTON NORTH AMERICA, INC.

VERSUS

LEONARD SMITH, d/b/a JAZZ AUTO GLASS, and JAZZ AUTO REPAIR AND REPLACEMENT, LLC

CIVIL ACTION

NO.:11-00176-BAJ-RLB

## RULING AND ORDER

Before the Court is **Plaintiff Pilkington North America's Motion for Attorney's Fees and Costs Against Leonard Smith,** doing business as Jazz Auto Glass, and Jazz Auto Repair and Replacement, LLC **(Doc. 55)**, seeking an order from this Court awarding attorney's fees and costs in the amount of $270,785.46. The motion is filed in accordance with the Court's Judgment in favor of Pilkington North America, Inc. and against Leonard Smith on March 25, 2014. (Doc. 53, Doc. 54). The motion is unopposed. Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1332.

I.  Background

On March 22, 2011, Plaintiff Pilkington North America, Inc. ("Plaintiff") filed a complaint against Defendant Leonard Smith, doing business as Jazz Auto Glass, and Jazz Auto Repair and Replacement, LLC, ("Defendant") for alleged breach of

contract pursuant to the terms of a credit agreement. (Doc. 1).[1] Defendant answered the complaint on July 7, 2011. (Doc. 19).

On March 25, 2014, after finding that "Pilkington has provided unrebuttable evidence to support its claim," the Court granted Plaintiff's Motion for Summary Judgment. (Doc. 53 at p. 11). However, the Court denied Plaintiff's motion for attorney's fees without prejudice, thereby leaving the Plaintiff with the option to refile the motion. Plaintiff filed the instant motion on June 18, 2014, seeking attorney's fees and costs totaling $270,785.46. (Doc. 55 at p. 1). No opposition has been filed.

## II. Discussion

In cases where a court sits in diversity jurisdiction, state law governs the substantive questions of the award and reasonableness of attorney's fees. *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("[a] fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case."). Because Louisiana law provided the rule of decision for the substantive issues in the instant case, the fee award is also governed by Louisiana law.

In Louisiana, "[a]ttorneys [sic] fees are not allowed except where authorized by contract or statute." *State, Dep't of Transp. and Dev. v. Wagner*, 2010-0050 (La. 5/28/10), 38 So.3d 240, 241 (citing *Huddleston v. Bossier Bank and Trust Co.*, 475 So.2d 1082, 1085 (La. 1985)). With respect to the instant claim, in granting

---

[1] Plaintiff subsequently filed three Amended Complaints on May 6, 2011, (Doc. 10), June 1, 2011, (Doc. 14), and July 1, 2011, (Doc. 18).

summary judgment in favor of the Plaintiff, the Court held Defendant "liable for the full amount of [the] debt and attorney's fees owed pursuant to Louisiana Revised Statutes 9:2781." (Doc. 53 at p. 9). Louisiana Revised Statutes 9:2781 provides in pertinent part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, *that person shall be liable to the claimant for reasonable attorney fees* for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

(emphasis added). Thus, an award of attorney's fees is appropriate in this case.

Importantly, "[d]istrict courts are vested with great discretion in arriving at an award of attorneys' fees." *ORX Resources, Inc. v. MBW Exploration, L.L.C.*, 2009-0662 (La. App. 4 Cir. 2/10/10), 32 So.3d 931, 938, *writ denied*, 2010-0530 (La. 5/7/10), 34 So.3d 862 (citations omitted). However, under Louisiana law, the trial court must award a reasonable fee commensurate with the required level of legal services performed. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 690 (5th Cir. 1991) (citing *Moody v. Arabie*, 498 So.2d 1081 (La. 1986)). *See also Vignette Publications v. Harbourview*, 2000-1711 (La. App. 4 Cir. 9/12/01), 799 So.2d 531, 538 ("Courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law.") (citing *State, Dept. of Transp. and Development v. Williamson*, 597 So.2d 439, 441–42 (La. 1992)). Moreover, in evaluating a motion for attorney's fees, the court must consider the entire record, including discovery, pretrial motions, the number and complexity of the legal issues involved, and the length of trial, if applicable. *Richardson v. Parish*

*of Jefferson*, 98-625 (La. App. 5 Cir. 2/10/99), 727 So. 2d 705, 707, *writ denied*, 99-0864 (La. 5/7/99), 740 So. 2d 1289 ("A reasonable attorney's fee is determined by the facts of an individual case.") (citing *Gottsegen v. Diagnostic Imaging Servs.*, 95-977 (La. App. 5 Cir. 3/13/96); 672 So. 2d 940, 943; *Montalvo v. Montalvo*, 592 So.2d 904 (La. App. 5 Cir. 1991); *Blue v. Schoen*, 556 So.2d 1364 (La. App. 5 Cir. 1990).

### A. Attorney's Fees

Plaintiff seeks to recover attorney's fees in the amount $241,788.00 for a total of 523.10 hours of senior partner time,[2] 268.70 hours of associate time,[3] and 162.20 hours of paralegal time at hourly rates ranging from $136.02 per hour to $339.37 per hour.[4] (Doc. 55-2, at pp. 10, 14).

The factors to be taken into consideration in determining the reasonableness of attorney fees include:

(1) the ultimate result obtained;
(2) the responsibility incurred;
(3) the importance of the litigation;
(4) the amount of money involved;
(5) the extent and character of the work performed;
(6) the legal knowledge, attainment, and skill of the attorneys;
(7) the number of appearances made;
(8) the intricacies of the facts involved;
(9) the diligence and skill of counsel; and

---

[2] Plaintiff states that the majority of senior partner hours, 380 hours to be exact, were billed by lead trial counsel, Eric E. Jarrell. (Doc. 55-2 at p. 10). The other remaining hours were billed by Robert J. Burvant (141 hours) and J. Grant Coleman (2 hours). (*Id.*).

[3] Plaintiff states that the majority of associate time, 243.80 hours to be exact, was billed by Krystin M. Frazier. (Doc. 55-2 at p. 10).

[4] Plaintiff explains that the average rate for partners billing to this file who have in excess of twenty-five years of experience was $339.37 per hour; the average rate for associates with one to seven years of experience was $157.06 per hour; and the average rate for paralegals was $136.02 per hour. (Doc. 55-2 at p. 14). Multiplication of the number of hours billed by each category by these rates results in the $241,788.00 figure. (*Id.*).

(10) the court's own knowledge.

*State, Dept. of Transp. and Development,* 597 So.2d at 442.[5] *See also S. Jackson & Son, Inc. v. Aljoma Lumber, Inc.,* 93-2531 (La. App. 4 Cir. 5/26/94) 637 So.2d 1311, 1313 (same).

Here, Plaintiff prevailed on an action to recover the unpaid balance of an open account, totaling $1,196,079.57. (Doc. 53). As Plaintiff's highlight in their memorandum, this "suit was pending for three years prior to [Plaintiff] obtaining its judgment." (Doc. 55-2 at p. 11). During that time, Plaintiff conducted substantial discovery, and opposed two motions to dismiss (Doc. 9, Doc. 15) as well as a motion to quash (Doc. 24). Moreover, this Court has previously acknowledged the challenges faced by Plaintiff in obtaining discovery from Defendant, including the extension of discovery resulting from Defendant's delay. (*See* Doc. 53 at p. 9; Doc. 55-2 at p. 11). Additionally, Plaintiff contends that "this case was significantly document intensive" from its side, and indeed, "[t]ens of thousands of pages of documents were reviewed and produced by [Plaintiff] in response to discovery." (Doc. 55-2 at p. 12).

To support their motion to recover attorney's fees, Plaintiff provides 184 pages of billing statements and receipts that cover the three-year period during which this case was litigated. (*See* Doc. 55-3). These statements reflect the date, the time involved, the nature of the services performed, and which attorney(s) or paralegal(s) performed the action. Plaintiff also asserts that "the billing records . . .

---

[5] These factors are derived from Rule 1.5(a) of the Rules of Professional Conduct. *See State, Dept. of Transp. And Development,* 597 So. 2d at 442 n. 9.

contain entries consistent with the timeline and filings of this matter as well as typical entries for document review, file management, client consultations and working with experts." (Doc. 55-2 at pp. 9-10). Moreover, Plaintiff contends that the billing records reflect "efforts to be as efficient as possible by having work done by associates and paralegals, billing at lower rates," (*see id.* at 10), and note that Plaintiff's counsel exercised "'billing judgment' by writing off any even potentially questionable hours" before sending the bill to Plaintiff for payment (*see id.* at p. 13).

Having considered the foregoing facts in light of the factors articulated by the Louisiana Supreme Court in *State, Dept. of Transp. and Development v. Williamson*, the Court concludes that attorney's fees claimed in this matter are reasonable.[6] Accordingly, insofar as Plaintiff's motion pertains to attorney's fees, the motion is granted.

**B.  Costs**

In addition to attorney's fees, Plaintiff seeks an award of $28,997.46 in litigation costs, representing "process service fees, deposition transcripts, travel expenses, and fees for postage, Federal Express, photocopies, telephone and telecopy charges and Westlaw research charges." (Doc. 55-2 at pp. 17-18).

---

[6] It is worth noting that Louisiana courts have routinely upheld 25% attorney's fees as reasonable in open account cases. *See, e.g., Law Offices of Fred. L. Herman, APLC v. Helmer*, 13-235 (La. App. 5 Cir. 10/9/2013), 128 So.2d 310; *Midland Funding, LLC v. Urrutia*, 13-459 (La. App. 5 Cir. 12/19/13), 131 So. 3d 474, 475; *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419 (La. App. 1 Cir. 1983); *Metropolis, Inc. v. Hanson*, 434 So.2d 1207 (La. App. 1 Cir. 1983); *Dyna Int'l Corp. v. Mashburn*, 397 So.2d 1080 (La. App. 4 Cir. 1981); *Monlezun v. Fontenot*, 379 So.2d 43 (La. App. 3 Cir. 1979); *Blue Streak Enterprises v. Cherrie*, 263 So.2d 734 (La. App. 4 Cir. 1972). In the instant case, the amount sought, $241,788.00 is less than 25% of the judgment.

Pursuant to Local Rule 54.3, a party in whose favor judgment is rendered and who claims and is allowed costs, shall serve and file a notice of application to have costs taxed within thirty (30) days after receiving notice of entry of judgment.

Here, Judgment for the Plaintiff was entered on March 25, 2014. (Doc. 54). The instant motion was filed on June 18, 2014, eighty-five days (85) later. (Doc. 55). Because this far exceeds the thirty-day deadline, the motion for costs is untimely. Accordingly, insofar as Plaintiff's motion pertains to costs, the motion is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Summary Judgment on Attorney's Fees and Costs (Doc. 55)** is **GRANTED IN PART** and **DENIED IN PART**. The Court **ASSESSES COSTS** against the Defendant in the amount of $241,788.00.

Baton Rouge, Louisiana, this 21ST day of November, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA